## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| | ) | |
| JOAN ESNAYRA | ) | |
| 1911 Key Blvd. | ) | |
| Arlington, VA   22201 | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| GEORGE WASHINGTON UNIVERSITY | ) | |
| HOSPITAL, | ) | |
| Serve: CT Corporation System, Registered | ) | |
| Agent | ) | |
| 1015 15th Street, NW | ) | |
| Washington, DC 20005 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| MEDICAL FACULTY ASSOCIATES, | ) | |
| INC., | ) | |
| Serve:  Corporation Service Company, | ) | |
| Registered Agent | ) | |
| 1090 Vermont Ave., N.W. | ) | |
| Washington, DC 20005 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| JOHN DOES I through V, employees of | ) | |
| George Washington University Hospital or | ) | |
| Medical Faculty Associates, Inc. | ) | |
| 901 23rd Street, NW | ) | |
| Washington, D.C.   20037 | ) | |
| | ) | |
| Defendants. | ) | |

_____)

## <u>COMPLAINT</u>

COMES NOW the plaintiff, Joan Esnayra, by her attorneys, Donald A. Clower

and Kay M. Clarke of CLOWER & CLARKE and for her causes of action states as follows:

## JURISDICTION

1.      Jurisdiction for the within cause of action is properly laid in this Honorable Court in that the wrongs herein alleged occurred in the District of Columbia and further pursuant to 28 U.S. Code Section 1332 in that there is diversity of citizenship and the amount in controversy exceeds the statutory requirements.

## PARTIES

2.      At all times pertinent hereto the plaintiff, Joan Esnayra, was and is a natural adult person residing in the Commonwealth of Virginia.

3.      At all times pertinent hereto the defendant, George Washington University Hospital (hereinafter G.W.U.H.) was and is a body corporate operating and maintaining a hospital in the District of Columbia which did on August 1, 2004, employ John Does I-V who committed an assault and battery upon the plaintiff and committed other torts against her.

4.      At all times pertinent hereto the defendant, Medical Faculty Associates, Inc. (hereinafter MFA) was and is a body corporate operating and maintaining a hospital emergency room  facility in the George Washington University Hospital in the District of Columbia which did on August 1, 2004, employ John Does I-V who committed an assault and battery upon the plaintiff and committed other torts against her.

5.      John Does I through V at all times pertinent hereto were and are natural adult persons, unidentified at this time, who were on August 1, 2004, employed by either

2

the defendant, MFA, or by the defendant, G.W.U.H., at is facility at 901 23rd Street, NW,

Washington, DC., and who were involved in the admission and treatment of the plaintiff

on August 1, 2004, during which admission and treatment they committed assaults and

batteries upon the plaintiff and other wrongs against her.

## ALLEGATIONS

6.    On August 1, 2004, plaintiff was admitted to G.W.U.H. by emergency for

extreme lower back pain, sciatic nerve pain, and inability to ambulate, as well as

numbness and neck pain.

7.    Upon arrival at G.W.U.H., plaintiff signed no consent for treatment forms

nor did any G.W.U.H. or MFA personnel discuss her condition with her, other than to

briefly ask how severe her pain was, to which plaintiff responded.

8.    Despite reporting excruciating and unbearable pain to John Doe II, either a

G.W.U.H. or MFA personnel, plaintiff initially received no pain medication.

9.    As plaintiff waited on a stretcher, she requested assistance from passing

medical personnel who ignored her; plaintiff's stretcher was placed out of reach of the

"call button".

10.    Plaintiff then called out for help; a female medical personnel stopped and

asked her what she wanted; plaintiff stated to this person that she was in extreme and

unbearable pain; the either G.W.U.H. or MFA employee told her they were waiting for a

doctor and would not administer any pain medication.

11.    Plaintiff then attempted to get off of the stretcher and go to the nurse's

station to ask for pain medication.  When her feet touched the floor the pain intensified

3

and she cried out before collapsing on the floor.

12.    Plaintiff was then grabbed by John Does I, II, III, IV and V, G.W.U.H. or MFA medical personnel, who roughly held her legs, arms and head, which was held in a headlock position, and told her that if she could get off of the stretcher she could get back on.

13.    John Does I, II, III, IV and V twisted plaintiff's neck and back; when plaintiff cried out in pain they told her to "Shut up, Shut up" and John Doe I, a male, placed his hand on her jaw below her chin in an attempt to forcibly close her mouth so that plaintiff could not cry out in pain. Plaintiff was thrown roughly back onto the stretcher and physically restrained. Plaintiff informed John Does, I, II, III, IV and V that she is a back patient who underwent back surgery at G.W.U.H. six weeks prior. A John Doe looked inside plaintiff's pants ostensibly to see if there was a surgical scar indicating recent back surgery which was evident.

14.    Plaintiff was then taken by stretcher to a small empty seclusion room with a peep window, a dead bolted door and no door knob on the inside . John Doe I told plaintiff she could "scream all you want in here. No one will hear you." Plaintiff was lifted from the stretcher and dragged into the small room while plaintiff continued to cry and tell them she was in severe pain-and had recently undergone back surgery. Plaintiff asked for access to her partner/health advocate and her Service Animal who were being detained in the waiting area, but her requests were ignored.

15.    John Doe I then grabbed plaintiff's shoulder and the front of her shirt, shoved her roughly toward the stretcher and said, "You're going to stay here! Now, shut

4

up!" John Doe I then began to close the door to lock plaintiff into the room at which time plaintiff, out of pain and desperation, attempted to leave the room while stating in a loud and clear voice, "NO! Don't do this. I need help with my pain. I'm a back patient. Please, I need medication."

16.    At that time, by John Does I, II, III, IV and V again grabbed plaintiff roughly and forcefully on her legs, back, arms and neck, at which time plaintiff screamed in pain and fainted. When plaintiff awoke, she was on the ground and again being roughly and forcefully grabbed by John Does I, II, III, IV and V who demanded, "C'mon. Get up! Get up! We know you can get up!"

17.    Plaintiff was then locked into the same room against her will.

18.    Fifteen minutes later plaintiff was administered Dilaudid intravenously as well as saline.

19.    Some time later and on two separate occasions plaintiff was then, against her will, without her consent and without informing her, 'chemically restrained' through I.V administration of Valium and Toradol.

20.    No medical personnel discussed administering Valium or Toradol with plaintiff before such was administered; had this been discussed with plaintiff she would have refused Valium and Toradol, specifically, as well as any class of 'muscle relaxant' due to-their contraindication with other medications she takes.

21.    Plaintiff at no time was a threat to herself or others and the seclusion of her was without cause or justification.

22.    As a direct and proximate result of the defendants' actions complained of

5

herein, the plaintiff has been severely and permanently injured and damaged and has been caused to seek medical care for injuries superimposed upon her lumbar condition by the assaults and batteries, and has been forced to expend sums of money for this care, and will in the future be caused to expend additional sums of money for future medical care, and has been rendered unable to perform her normal and usual activities and in the future will continue to be unable to perform her normal and usual activities, and has been otherwise severely and permanently injured and damaged as a proximate result of the defendants' actions complained of herein.

## COUNT I

23.     Plaintiff re-alleges and incorporates by reference herein the allegations of Paragraphs 1 through 22 as if fully restated herein.

24.     The administration of chemical restraints Valium and Toradol against plaintiff's will, without her consent and without her knowledge prior to administration is a battery upon her person.

25.     The use of physical restraint and other actions described herein by John Does I through V are, each of them, assaults and batteries upon the plaintiff.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, in the amount of **FIVE MILLION DOLLARS ($5,000,000.00)** in compensatory and punitive damages, plus interest thereon and her costs expended herein, and any further relief this Court deems appropriate.

## COUNT II

26.     Plaintiff re-alleges and incorporates by reference the foregoing Paragraphs

1 through 22 as if fully restated herein.

27.    By placing plaintiff in a locked room without cause or justification, without a proper medical evaluation, and against her will, defendants have violated plaintiff's civil rights, including but not limited to, her right to freedom from imprisonment and freedom of association, and have further violated all applicable standards of care as to use of patient restraints.

28.    By placing plaintiff in a locked room without cause or justification, without a proper medical evaluation, and against her will, defendants have violated plaintiff's civil rights, including but not limited to, 42 U.S. Code Section 290ii.

29.    By administering Valium and Toradol without cause or justification, without a proper medical evaluation, without discussing the medications with plaintiff, and administering against her will and without her consent, the defendants have violated plaintiff's right to refuse treatment.

30.    By being denied access to her service dog in the emergency department, plaintiff's civil rights were violated.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, in the amount of **FIVE MILLION DOLLARS ($5,000,000.00)** in compensatory and punitive damages, plus interest thereon and her costs expended herein, and any further relief this Court deems appropriate.

## COUNT III

31.    Plaintiff re-alleges and incorporates by reference the foregoing Paragraphs 1 through 22 as if fully restated herein.

7

32.     The defendants knew, or should have known, in the exercise of reasonable care required of the defendants, that plaintiff was in extreme and unbearable pain caused by a lumbar disc condition.

33.     Contrary to the accepted standards of medical and emergency care required of the defendants, the defendants, and each of them, failed and refused to properly evaluate and treat plaintiff's pain, engaged in activities which increased plaintiff's pain and caused additional and permanent damage to her body, restrained the plaintiff, and failed to obtain plaintiff's consent to the administration of Valium and Toradol.

34.     The defendants' actions, and all of them, fall below the standard of care required of hospital personnel and physicians as such relate to the care and treatment of patients such as the plaintiff and others in her medical condition and as a result of these failures, plaintiff was injured and damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, in the amount of **FIVE MILLION DOLLARS ($5,000,000.00)** in compensatory and punitive damages, plus interest thereon and her costs expended herein, and any further relief this Court deems appropriate.

## COUNT IV

35.     Plaintiff re-alleges and incorporates by reference the foregoing Paragraphs 1 through 22 as if fully restated herein.

36.     The defendants, G.W.U.H. and MFA negligently failed to perform an adequate pre-hiring investigation of John Does I to V, negligently failed to supervise

8

them, and negligently retained them when they knew, or should have known, in the

exercise of reasonable care required of the defendants, that John Does I through V would

commit the wrongs against the plaintiff and others like her as complained of herein and

negligently hired, supervised and maintained John Does I through V as employees who

then committed the wrongs against plaintiff as alleged herein..

WHEREFORE, plaintiff demands judgment against the defendants, G.W.U.H.

and MFA, jointly and severally, in the amount of **FIVE MILLION DOLLARS**

**($5,000,000.00)** in compensatory and punitive damages, plus interest thereon and her

costs expended herein, and any further relief this Court deems appropriate.

JOAN ESNAYRA

By Counsel

Respectfully submitted,

CLOWER & CLARKE

DATE:  July 27, 2005            By:    _____
                                        DONALD A. CLOWER, #948885

DATE:  July 27, 2005            By:    _____
                                        KAY M. CLARKE, $443477
                                        601 Pennsylvania Avenue, NW
                                        The Pennsylvania Suite 205
                                        Washington, D.C.  20004
                                        (202) 638-0086
                                        Counsel for Plaintiff

## **JURY DEMAND**

Plaintiff requests a trial by jury as to all issues raised herein.

_____
DONALD A. CLOWER