IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOAN ESNAYRA )<br>)<br>v. )<br>)<br>)<br>GEORGE WASHINGTON UNIVERSITY )<br>HOSPITAL, <u>ET</u> <u>AL</u>. )<br>) | Case No. 1:05CV01501 |

**DEFENDANT MEDICAL FACULTY ASSOCIATES, INC'S MOTION FOR A MORE DEFINITE STATEMENT AS TO COUNT II OF PLAINTIFF'S COMPLAINT**

Defendant Medical Faculty Associates, Inc., through undersigned counsel, and pursuant Rule 12(e) of the Federal Rules of Civil Procedure, hereby moves for issuance of an Order requiring plaintiff to file a more definite statement as to Count II of her Complaint.

1. On July 29, 2005, plaintiff filed a four Count Complaint against Medical Faculty Associates, Inc., George Washington University Hospital and John Does I through V. The Complaint alleges claims of assault and battery (Count I), civil rights violations (Count II), negligence (Count III) and negligent hiring (Count IV), all arising from an August 1, 2004 visit by the plaintiff to the George Washington University Hospital.

2. Medical Faculty Associates, Inc. is a private entity employing physicians who, <u>inter</u> <u>alia</u>, care for some in-patients at George Washington University Hospital.

3. At Count II of her Complaint, plaintiff alleges that her civil rights were violated by Medical Faculty Associates, Inc. by:

(a) placing her in a locked room without cause or justification;

1

      (b) administering Valium and Toradol without cause or justification;

      (c) denying her access to her "service dog" in the emergency department[1]

4. Plaintiff's Complaint contains no reference to any statutory or Constitutional basis on which her alleged civil rights violations are premised other than 42 U.S.C. Section 290ii, which according to paragraph 28 of plaintiff's Complaint is only one of multiple bases for her civil rights allegations. It is the phantom other statutory or Constitutional bases, unspecified but alluded to and relied upon, that has prompted defendant to file this Motion. If 42 U.S.C. Section 290ii is the sole basis for plaintiff's civil rights claims, then an appropriate motion will be later filed to dismiss those claims because Medical Faculty Associates, Inc. is not a "public or private general hospital, nursing facility, intermediate care facility or other health care facility" to which that statute applies.

5. Count II of plaintiff's Complaint leaves Medical Faculty Associates, Inc. guessing as to the statutory or Constitutional bases on which the plaintiff relies. Assuming, *arguendo*, that Medical Faculty Associates, Inc., through its physician employees provided some care to the plaintiff on August 1, 2004, that was an interaction between privately employed medical professionals and a private citizen. If it is plaintiff's contention that this defendant has violated 42 U.S.C. section 1983 then there are specific grounds for dismissal that the law affords this defendant and those need to be pursued. The same is true if it is plaintiff's contention that Medical Faculty Associates, Inc. has discriminated against the plaintiff. It is simply unfair to Medical

---

[1] On information and belief plaintiff is not legally blind. It is unclear what civil right was violated by allegedly denying plaintiff's "service dog" access to the emergency room.

Faculty Associates, however, for the plaintiff to disguise the statutory or Constitutional provisions that she accuses this defendant of having violated.

## STATEMENT OF POINTS AND AUTHORITIES

6. A motion for a more definite statement is to be granted if a pleading's vagueness prohibits defendant from filing a responsive pleading. Feldman v. Pioneer Petroleum, Inc., 76 F.R.D. 83 (D. Ok. 1977); Gleichauf v. Ginsberg, 859 F. Supp. 229 (S.D. W. Va. 1994). Medical Faculty Associates, Inc. has no idea if plaintiff is relying on statutory or Constitutional grounds which do not apply to these facts and therefore to which this defendant should be responding by moving to dismiss because the plaintiff has not identified those provisions (other than 42 U.S.C. 290ii which plainly does not apply to this defendant).

7. As the Court observed in Kveragas v. Scottish Inns, Inc., 96 F.R.D. 425, 426 (E.D. Tenn. 1983), "Defendants are entitled to know what statute they supposedly violated…. If plaintiffs are going to claim defendants are liable under some statutory provision, defendants must surely be told now – not in later discovery – the accusation they are defending against." The same is true here.

8. Fed. Rule of Civ. Proc. 12(e).

### Conclusion

For all the foregoing reasons, defendant Medical Faculty Associates, Inc. request that the Court grant its Motion for a More Definite Statement. A proposed Order is attached hereto.

Respectfully submitted,

Gleason, Flynn, Emig & Fogleman, Chtd.

_____
James P. Gleason, Jr.  #291005
Matthew P. Maloney  #434242
11 N. Washington St.
Suite 400
Rockville, Maryland 20850
**Counsel for Defendant Medical Faculty Associates, Inc.**

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was mailed, postage prepaid, this _____ day of August, 2005, to the following and was electronically filed with the Court:

Donald A. Clower, Esq.
Kay M. Clarke, Esq.
Clower & Clark
601 Pennsylvania Ave., NW
The Pennsylvania Suite 205
Washington, DC 20004

The George Washington
University Hospital
c/o CT Corporation System,
Registered Agent
1015 15th Street, NW
Washington, DC 20005

_____
Matthew P. Maloney

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOAN ESNAYRA | ) | |
| | ) | |
| v. | ) | Case No. 1:05CV01501 |
| | ) | |
| | ) | |
| GEORGE WASHINGTON UNIVERSITY | ) | |
| HOSPITAL, <u>ET</u> <u>AL</u>. | ) | |
| | ) | |

### **ORDER**

On consideration of defendant Medical Faculty Associates, Inc.'s Motion for a More Definite Statement as to Count II of plaintiff's Complaint, any Opposition thereto and the record herein it is this _____ day of _____, 2005

ORDERED that defendant's Motion is GRANTED and it is further

ORDERED that within _____ days from the date of this Order, plaintiff shall file a More Definite Statement specifying the statutory and/or Constitutional bases for the civil rights violations alleged in Count II of plaintiff's Complaint.

_____
Judge Colleen Kollar-Kotelly
United States District Court

Copies to:

Donald A. Clower, Esq.
Kay M. Clarke, Esq.
Clower & Clarke
601 Pennsylvania Ave., NW
The Pennsylvania Suite 205
Washington, DC 20004

The George Washington
University Hospital
c/o CT Corporation System,
Registered Agent
1015 15th Street, NW
Washington, DC 20005

James P. Gleason, Jr.
Matthew P. Maloney
Gleason, Flynn, Emig & Fogleman, Chtd.
11 N. Washington St.
Suite 400
Rockville, MD 20850