# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOAN ESNAYRA * | |
| Plaintiff * | |
| vs. * | Case No.: 1:05CV01501 |
| GEORGE WASHINGTON UNIVERSITY * | Judge: Colleen Kollar-Kotelly |
| HOSPITAL, *et al.* | Deck Type: Personal Injury/ |
| * | Malpractice |
| Defendants | |
| * | |

\* \* \* \* \* \* \* \* \* \* \*

### AFFIDAVIT OF MARK KOMRAD, M.D.

I, Mark Komrad, M.D., the undersigned, am over the age of eighteen years, am competent to testify, and have personal knowledge of the following:

1. My name is Mark Komrad, M.D. I am a board-certified psychiatrist in private practice in Maryland.

2. Plaintiff's claims in this case are dramatically divergent from the hospital record. There are four possible explanations for this: (1) Plaintiff's claims are all true, and there has been a vast and highly coordinated conspiracy by Defendants to "cover up" the events of August 1, 2004; (2) Plaintiff had a psychotic episode on August 1, 2004; (3) Plaintiff had a dissociative episode on August 1, 2004; and (4) Plaintiff is malingering in the hopes of financial or other gain.

3. Based upon the available materials in this case, Plaintiff Joan Esnayra has a history of bipolar disorder and post-traumatic stress disorder.

4. It is a well-known medical fact that a possible symptom bipolar disorder is psychosis, in either the depressed or manic phases.

5. It is also a well-known medical fact that post-traumatic stress disorder can cause dissociative episodes, which can lead a patient to conflate the events of one time period with those of another time period, such that the patient mistakenly believes that something that happened to her in the past is actually happening in the present. Also, post-traumatic stress disorder can cause profoundly exaggerated sensitivy to stress and misinterpretations of current events when they are even vaguely reminiscent of past traumas. These are not unusual phenomenona among persons with traumatic pasts, such as Plaintiff.

6. Without reviewing Plaintiff's psychiatric records from the time period before, around, and after August 1, 2004, we will not be able to make the following crucial determinations: (1) whether Plaintiff suffered a psychotic episode on August 1, 2004; (2) whether Plaintiff suffered a dissociative episode on August 1, 2004; (3) whether Plaintiff conflated events from her past with the events of August 1, 2004; (4) whether Plaintiff was truly on medications that could not be taken in conjunction with the medications that she received on August 1, 2004; (5) whether Plaintiff actually had a "psychiatric service animal" on August 1, 2004; (6) whether Plaintiff had a prior history of psychotic episodes in association with her bipolar disorder; (7) whether Plaintiff had a prior history of dissociative episodes; (8) whether Plaintiff was ever diagnosed with a personality disorder associated with malingering or if there is a documented past history of malingering; (9) whether she was suffering a relapse of a bipolar episode, or was having an exacerbation within her bipolar cycle on August 1, 2004; (10) whether she had any kind of debriefing with her treating psychiatrist in the days following the alleged abuse; (11) whether there are any discrepancies between what she told her treating psychiatrist about the events contemporaneously and what she alleges in her Complaint; and (12) whether she has any history of exaggerating routine medical interventions for some sort of secondary gain.

7. For the foregoing reasons, it is essential that Plaintiff's complete psychiatric files, including all outpatient and inpatient records throughout the course of her psychiatric illness, be produced and that Plaintiff submit to an independent psychiatric examination.

Date: 11/13/05

Mark Komrad, M.D.