IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOAN ESNAYRA,  )<br>  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>GEORGE WASHINGTON UNIVERSITY  )<br>HOSPITAL, et al.,  )<br>  )<br>    Defendants.  )  | Case No.  05-CV-1501 (CKK) |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER AND RESPONSE AND OPPOSITION TO MOTION FOR QUALIFIED PROTECTIVE ORDER**

COMES NOW the plaintiff, by counsel, and replies to the response and opposition filed by the defendant as to Plaintiff's Motion for Protective Order and also responds to and opposes the release of Dr. Greenberg's medical records under a qualified protective order as follows:

1. Plaintiff contends that the contents of her treatment record with Dr. Richard Greenberg are irrelevant to this case.

2. Her physician, Richard Greenberg, from whom the records are sought, agrees.  See Exhibit A which will be filed directly with Judge's Chambers and a copy provided to defense counsel by mail.

3. Dr. Greenberg has reviewed Dr. Komrad's basis for requesting Dr. Greenberg's records and has stated under oath that the reasons proffered by Dr. Komrad

1

as to reviewing plaintiff's records do not exist.   Dr. Greenberg states unequivocally that plaintiff has experienced none of the symptoms or conditions for which the defendants are seeking discovery.  Dr. Greenberg is in the unique position to have knowledge of this, having treated the plaintiff for a sufficient period of time.

4.	Plaintiff contends Dr. Komrad and the defendants are engaging in a fishing expedition and that the only result of releasing Dr. Greenberg's records to the defendants would be embarrassment of the plaintiff caused by the release of private medical records.

5.	Plaintiff has put her PTSD and bi-polar conditions into the public domain by use of the Internet. However, this does not open the door to discovery of irrelevant and highly sensitive medical information which is not relevant to this case.

6.	In the event the Court determines that the release of Dr. Greenberg's records regarding the plaintiff may be appropriate, plaintiff requests a hearing on this issue.

WHEREFORE, plaintiff requests a Protective Order of this Court quashing the subpoena issued to Dr. Greenberg and the prohibition of the release of Dr. Greenberg's

medical records regarding the plaintiff to the defendants in this matter.

                                      Respectfully submitted,

                                      CLOWER & CLARKE

Date:   November 30,. 2005        By:   _____
                                                      KAY M. CLARKE, #443477
                                                      601 Pennsylvania Avenue, NW
                                                      The Pennsylvania Suite 205
                                                      Washington, D.C.  20004
                                                      (202) 638-0086
                                                      Attorney for Plaintiff