### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOAN ESNAYRA, | ) |
| Plaintiff, | ) Case No. 05-CV-1501 (CKK) |
| v. | ) |
| GEORGE WASHINGTON UNIVERSITY HOSPITAL, et al., | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF PSYCHIATRIC RECORDS PURSUANT TO QUALIFIED PROTECTIVE ORDER**

COMES NOW the plaintiff, by counsel, and responds to and opposes the Defendant's Motion to Compel Production of Psychiatric Records Pursuant to Qualified Protective Order as follows:

1. Plaintiff contends that the contents of her treatment record with Dr. Richard Greenberg are irrelevant to this case.

2. Her physician, Richard Greenberg, from whom the records are sought, agrees. See Exhibit A attached hereto, an Affidavit of Richard Greenberg, MD.

3. Dr. Greenberg states unequivocally that plaintiff has experienced none of the symptoms or conditions for which the defendants are seeking discovery, that being whether plaintiff is a malinger, whether she suffered a psychotic episode on August 1, 2004, or whether she "dissociated" from reality on August 1, 2004. Dr. Greenberg is in

the unique position to have knowledge of this, having treated the plaintiff for a sufficient period of time. Dr. Greenberg has stated unequivocally that none of these inquiries will bear fruit for the defense.

4.	Plaintiff contends that the defendants are engaging in a fishing expedition and that the only result of releasing Dr. Greenberg's records to the defendants would be embarrassment of the plaintiff caused by the release of private medical records.

5.	Plaintiff has put her PTSD and bi-polar conditions into the public domain by use of the Internet. However, this does not open the door to discovery of irrelevant and highly sensitive medical information which is not relevant to this case.  Defendant's filings in this matter appear to continue to confuse bi-polar disorder and PTSD with psychosis, malingering and dissociation.

6.	Defendant stated in its Motion to Compel that it sought information as to whether plaintiff was in a manic episode on August 1, 2004.  A manic episode is not a psychotic state nor does it mean plaintiff was dissociating at the time.   Plaintiff believes that a hearing on this issue, to include the testimony of experts on both sides, may be necessary.

7.	In the event the Court is inclined to grant defendant access to plaintiff's records with Dr. Greenberg, plaintiff would contend that not all records should be released but that the records should be carefully reviewed to determine which are in any manner relevant to this case.  Plaintiff continues to contend, however, that none are relevant.

8.	Defendant argues that plaintiff has stated no case law to support her

argument in opposition to the release of irrelevant psychiatric records. Plaintiff's main thrust throughout this issue has been that the records are highly sensitive and irrelevant. Therefore, plaintiff believes a balancing test to determine whether the probative value of plaintiff's psychiatric records outweigh the prejudice to the plaintiff and confusion of the issues in this case is appropriate. Plaintiff avers that the answer to this inquiry should be in the negative.

9. Plaintiff does not claim that the incidents of August 1, 2004, caused anything other than the "garden variety" of emotional damage as would any assault upon any person, whether such person has a bi-polar disorder or not, or whether such person suffers from PTSD, or not. Plaintiff does not claim in her pleadings that the incidents of August 1, 2004, brought upon her any psychotic episode or worsening of her PTSD or bi-polar disorder. In fact, plaintiff's physician, Dr. Greenberg, has executed an affidavit on file herein wherein he states that plaintiff needed to adjustment to her medications as a result of the August 1, 2004, incidents. Plaintiff seeks no award for future medical expenses for psychiatric care or psychotherapy occasioned by the incidents of August 1, 2004. Plaintiff has pled that she was assaulted and battered and that her civil rights were violated. Defendants are seeking information to support their apparent defense that in the event plaintiff was restrained at the hospital, restraints were applied because she suffered a psychotic episode.

10. In the event the Court determines that the release of Dr. Greenberg's records regarding the plaintiff may be appropriate, plaintiff requests a hearing on this issue.

WHEREFORE, plaintiff requests a Order of this Court denying the Defendant's

Motion to Compel.

                              Respectfully submitted,

                              CLOWER & CLARKE

Date:   December 5, 2005        By:   _____
                                                    KAY M. CLARKE, #443477
                                                    601 Pennsylvania Avenue, NW
                                                    The Pennsylvania Suite 205
                                                    Washington, D.C.  20004
                                                    (202) 638-0086
                                                    Attorney for Plaintiff