## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOAN ESNAYRA | | * |
| Plaintiff | | * |
| vs. | | *   Case No.:  1:05CV01501 |
| GEORGE WASHINGTON UNIVERSITY HOSPITAL, *et al.* | | *   Judge: Colleen Kollar-Kotelly |
| | | Deck Type: Personal Injury/ |
| | | *        Malpractice |
| Defendants | | |
| | | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANT'S SUPPLEMENTAL REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND MOTION TO COMPEL PSYCHIATRIC RECORDS IN ACCORDANCE WITH QUALIFIED PROTECTIVE ORDER

Defendant District Hospital Partners, LP t/a the George Washington University Hospital, by its attorneys, Thomas V. Monahan, Jr., Adam Kelley and Goodell, DeVries, Leech & Dann, LLP, hereby files this Supplemental Reply to Plaintiff Joan Esnayra's Response to Defendant's Opposition to Plaintiff's Motion for Protective Order, and as grounds therefor states as follows:

1.    On December 15, 2005, Plaintiff Joan Esnaya filed Answers to Interrogatories propounded to her by Co-Defendant Medical Faculty Associates in this matter.

2.    Plaintiff's Answer to Interrogatory No. 12, which requested the names of all expert witnesses whom Plaintiff planned to call at trial, states as follows:

> ANSWER: Richard Greenberg, MD, who will testify based upon his education, experience <u>and knowledge of the plaintiff</u> that plaintiff did not suffer any dissociation or other psychiatric incident on August 1, 2004 …. [and] Patricia Fisher, Ph.D., who will testify based upon her education, experience <u>and knowledge of the plaintiff</u> that plaintiff did not suffer any dissociation or other

psychiatric incident on August 1, 2004, and is <u>also anticipated to
testify as to the impact of the incident upon the plaintiff</u>.

(Emphasis added.) A copy of Plaintiff's Answers to Interrogatories is attached hereto as <u>Exhibit
1</u> and incorporated herein by reference.

3.    As part of the discovery process, Defendant first subpoenaed, then moved to
compel the production of, Plaintiff's psychiatric records from Plaintiff's treating psychiatrist, Dr.
Richard Greenberg.

4.    Plaintiff initially sought a protection order on the grounds that the information
contained in Dr. Greenberg's chart is irrelevant to this litigation and would embarrass Plaintiff.

5.    Defendant will, in the near future, be subpoenaing Plaintiff's records from Dr.
Fisher. It is anticipated that Plaintiff will seek a protective order for the same reasons that she has
sought a protective order against the production of Dr. Greenberg's records.

6.    Plaintiff's Answers to Interrogatories further list approximately 10 other mental
health care providers with whom Plaintiff has treated over the past 15 years, as well eight
lawsuits in which she has been a plaintiff, some of which involve allegations identical to
Plaintiff's allegations in the instant matter. <u>See</u> <u>Exhibit 1</u>, Answer Nos. 9, 13 and 17.

7.    Because Plaintiff's treating psychiatrist, Dr. Greenberg, and treating psychologist,
Dr. Fisher, are to be called as experts by Plaintiff in this case, it is imperative that Defendant be
permitted to view their records relating to Plaintiff. Indeed, Defendant would be severely
prejudiced if access to such records were denied, as such denial would dramatically impede
Defendant's ability to properly depose, cross-examine and challenge Dr. Greenberg and Dr.
Fisher as to the factual and medical grounds for their opinions. Further, Defendant's own experts
in psychiatry must be afforded the same resources as Plaintiffs' experts if they are to render any
kind of meaningful opinion. Plaintiff's Answers to Interrogatories and other pleadings previously

filed in this matter suggest that Dr. Greenberg and Dr. Fisher have discussed the events of August 1, 2004 with Plaintiff in detail, and intend to opine not only as to what most likely occurred on that date, but also as to the extent to which the alleged events of August 1, 2004 have impacted upon Plaintiff's emotional and psychiatric state. The Federal Rules of Civil Procedure and the Federal Rules of Evidence provide that the grounds for an expert's opinion are discoverable. See, e.g., Federal Rule of Civil Procedure 26(4)(4), Federal Rule of Evidence 705.

8.      Notwithstanding the foregoing, it remains Defendant's position that even if Dr. Greenberg and Dr. Fisher were not going to be testifying on behalf of Plaintiff, their records relating to Plaintiff would still be discoverable for the reasons articulated in Defendant's original Motion to Compel and first Reply to Plaintiff's Response to Defendant's Opposition to Plaintiff's Motion for Protective Order and Motion to Compel Production of Psychiatric Records in Accordance with a Qualified Protective Order.

WHEREFORE, Defendant respectfully repeats its request that this Court deny Plaintiff's Motion for Protective Order and grant Defendant's Motion to Compel Production of Psychiatric Records in Accordance with Qualified Protective Order.

Respectfully submitted,

_____/s/_____
Thomas V. Monahan, Jr. (Fed. Bar #04471)
Adam Kelley (Fed. Bar #483729)
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland  21202
(410) 783-4000
*Attorneys for Defendant*
*District Hospital Partners, LP*

## POINTS AND AUTHORITIES

1.    Federal Rule of Civil Procedure 26(4)(4).

2.    Federal Rule of Evidence 705.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of January 2006, the foregoing Defendant's
Supplemental Reply to Plaintiff's Response to Defendant's Opposition to Plaintiff's Motion for
Protective Order and Motion to Compel Production of Psychiatric Records in Accordance with a
Qualified Protective Order was electronically served on all parties of record.

_____/s/_____
Adam Kelley

720218

# EXHIBIT ONE

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

JOAN ESNAYRA                        )
                                    )
                                    )
v.                                  )        Case No. 1:05CV01501
                                    )
                                    )
GEORGE WASHINGTON UNIVERSITY        )
HOSPITAL, ET AL.                    )
                                    )

## PLAINTIFF'S ANSWERS TO DEFENDANT MEDICAL FACULTY ASSOCIATES, INC.'S FIRST INTERROGATORIES

1.     Identify yourself fully, including your full name, date of birth, social security number, marital status, and your residence and business addresses for the last ten (10) years specifying the dates during which you were at each address. Identify anyone residing with you as of August 1, 2004 and describe his or her relationship to you.

ANSWER:    Joan G. Esnayra; June 5, 1964; single; 1911 Key Blvd. #568, Arlington, Virginia, for the past six years; prior to that I resided at 12534 Manifesto Place, San Diego, California, for one year; prior to that I resided in Del Mar, California for one year but cannot recall the address; prior to that I resided at 872 Agate, San Diego, California, for seven years. On August 1, 2004, I resided with Craig Love, my partner, with whom I continue to reside.

2.     Describe your employment during the five (5) years preceeding August 2004, including the dates which you were employed by each employer, the position held by you, and your rate of pay and earnings from each such employer, indicating inclusive dates of time allegedly lost from employment or occupation as a result of the alleged malpractice.

ANSWER:    For the period of time inquired of, I was employed at the National

1

Academies, Washington, D.C., as a Program Officer until April 15, 2005.  I am currently

unemployed.  I am making no claim for loss of income.

      3.     Identify the surgeon who performed the back surgery referenced at

paragraph 13 of your Complaint and identify the date and facility where that surgery took

place.

      ANSWER:   Plaintiff underwent lumbar surgeries in April and June 2004 by Dr.

Richard S. Polin, MD., at that time part of the G.W.U. Medical Faculty Associates.  The

surgeries were performed at G.W.U.H.

      4.     Describe your activities from the time you awakened on August 1, 2004,

until the time you arrived at George Washington University Hospital and describe how you

traveled to the Hospital (e.g. ambulance, drove self, etc.).

      ANSWER:   I was awake the entire morning of August 1, 2004, until I was taken

by ambulance to G.W.U.H.  I was in extreme back pain. I did nothing other than to lie in

my bed until I was taken by ambulance to G.W.U.H.

      5.     Identify by name, address, work and home phone numbers the

"partner/health advocate" referenced in paragraph 14 of your Complaint.

      ANSWER:   Craig Love, same address as mine.  Phone number:  401-954-5683.

      6.     Describe clearly and in detail each symptom, disability, or abnormal physical

or mental condition which you claim to have been caused by the alleged negligence of any

and all defendants, including in your answer the date or dates upon which each symptom,

disability, or abnormal physical or mental condition first occurred and the duration of each

such symptom, disability, or abnormal physical or mental condition.

      ANSWER:   Immediately after the incident, I was in extreme physical pain which

started at the small of my back, and which continued into my neck.  My right shoulder and

left elbow were sore.  The degree of numbness I felt in my left leg had increased.  Whereas

before the incident my numbness started below the knee, it had now risen above it; the

hamstring portion of my left thigh was numb.  The numbness in my foot returned after the

incident complained of, and it felt like a knife slicing the ball of my foot into two parts.

Further, if I touched the top of my foot, it was painful as if my foot was severely burned.

When I stood, I could not stand straight.  The new pain in my foot was a significant

contributor.  Whether standing or walking, I was frequently in pain.   I also sustained

twenty-three bruises which have been photographed.   One of these bruises persisted for

two months.  An MRI taken within a few days showed a large herniation at L5-S1 with

direct pressure on the spinal cord.   Sixteen months later, I still have numbness in my left

foot to my buttock along the left calf and left thigh.  Some of my toes are numb in the left

foot, also.  I did not have numbness in my left foot just prior to the incident but did after the

incident.   Recently, while awaiting treatment at a local Emergency Room, in November

2005, for a herniated disc in my cervical spine, I became hysterical and could not stop

crying, because I was terrified to enter said emergency room.

7.    Describe the nature and subject matter of each picture, diagram, document,

x-ray, or other object (real evidence) which is known to you and which pertains to or is

relevant to the alleged negligence and its alleged consequences.  Name the present

custodian of each and state the date each was produced or obtained.

ANSWER:    My hospitalization records from G.W.U.H., which facility has

custody of same; my treatment records with my neurosurgeon, Dr. Richard Polin, who has

custody of same; medical records from Arlington Urgent Care (1311 South Fern Street,

Arlington, VA  22202) for my visit of August 4, 2004, and they presumably have custody of those records; and MRIs taken at G.W.U.H. before and after the incident.   I have photographs of the bruises I sustained on August 1, 2004.  There are also ambulance records for the August 1, 2004, trip from my home to G.W.U.H. and also medical records from Fairfax INOVA (3300 Gallows Road Falls Church, VA 22042) for the surgery occurring in late August 2004.  The Emergency Room from which I fled in November 2005 on account of my fear of potential staff abuse was Virginia Hospital Center (1701 N. George Mason Dr. Arlington, VA 22205-3698).

8.    Fully describe the condition from which you suffered for which you had a Service Animal as referenced in paragraph 14 of your Complaint.

ANSWER:    Bipolar Disorder and Post Traumatic Stress Disorder.

9.    State the names and addresses of all physicians or hospitals who have examined or treated you since the alleged malpractice here involved, and after each state the date of said examinations or treatments, and the nature and purpose therefore.

ANSWER:    I have seen Dr. Richard Greenberg, my psychiatrist (2112 F Street NW Suite 604 Washington, DC; Arlington Urgent Care on August 4, 2004, identified in Answer to No. 7; Dr. Richard Polin; G.W.U. Medical Faculty Associates for neurosurgical followup appointments & INOVA Fairfax Hospital for surgery in August 2004; GWUH for the MRI taken after the incident complained of; Patricia Fisher, Ph.D., my psychologist, (1308 Pennsylvania Avenue, SE, Washington, D.C.); I have seen two chiropractors: Kristine Maggs at Arlington Neck and Back Center (6013-B Wilson Blvd Arlington, VA 22205) and Dr. Eric Meyer (1327 18th Street NW, Washington, D.C.); I have seen Dr.

12/29/05  10:45 FAX 301 294 0737          GLEASON FLYNN & EMIG                              ⚏006

Steven Macedo (1327 18th Street NW, Washington, D.C.), who referred me to Dr. Polin for surgery in 2004 and whom I have also seen after August 1, 2004. I was seen at Virginia Hospital Center Emergency Room in November 2005.

10.     State the names and addresses of all persons from whom you have written, signed or recorded statements, attaching to your answer a copy of any such statement in your control.

ANSWER:     Plaintiff assumes the statements requested herein are with regard to the incident of August 1, 2004, and, based upon that assumption, plaintiff has none.

11.     If you contend that this Defendant or its employees or agents made any oral statements which constitute an admission with reference to any of the issues raised in this case, state the name or identity of the person making such statement, the content of such statement, the date, the time, the place of such statement, and the names and addresses of the individuals who were present at the time.

ANSWER:     Not contended.

12.     State the names and addresses of all expert witnesses whom you propose to call at trial, and state the subject matter on which each expert is expected to testify, state the substance of facts and opinions to which the expert is expected to testify, provide a summary of the grounds for each opinion.

ANSWER:     Richard Greenberg, MD, who will testify based upon his education, experience and knowledge of the plaintiff that plaintiff did not suffer any dissociation or other psychiatric incident on August 1, 2004; Richard Polin, MD, whose current address is unknown but at the time of surgery he was part of G.W.U. Medical Faculty Associates, is anticipated to testify based upon his education, experience and knowledge of the plaintiff as

to plaintiff's injuries and/or exacerbation of pre-existing conditions which occurred as a

result of the incident of August 1, 2005; Patricia Fisher, Ph.D, who will testify based upon

her education, experience and knowledge of the plaintiff that plaintiff did not suffer any

dissociation or other psychiatric incident on August 1, 2004, and also is anticipated to

testify as to the impact of the incident upon the plaintiff.

13.     If you have been plaintiff or defendant in any other civil or criminal matter,

state the jurisdiction in which the case was filed, the case caption and number, the date it

was filed, identity of all parties to the case, describe the allegations of the case and the

outcome, or if it is still pending, please so state.

ANSWER:     Plaintiff was involved in two matters as a party for which she has

signed settlement agreements containing an agreement to keep the matter in complete

confidence; therefore, divulging any information as to this matter would constitute a breach

of the agreements.   Plaintiff also filed a discrimination complaint in the Human Rights

Office of Washington, D.C., against the National Academies within the past five years.  In

the mid-1990's, plaintiff filed complaints against the following entities for denying her

access with her service dog and/or violation of civil rights and/or in tort because of her

service dog:  Southwest Airlines; San Diego, CA, Port Authority; San Diego Police

Department; Milton's Deli, San Diego, California; Morro Bay Lodge, Morro Bay,

California.  Plaintiff filed a sexual harassment and retaliation complaint with the Department

of Education Office of Civil Rights against the Salk Institute in 1993.  This was followed by

a civil tort.  In 1990 plaintiff was charged with second degree assault and the verdict was

'not guilty' in Mason County, Washington State.

14.     State the name and address of any person not otherwise mentioned in

answers to these Interrogatories who has personal knowledge of facts material to this case and for each summarize the facts known or believed to be known by him or her and provide his or her present or last known address.

ANSWER:    None.

15.    State whether any organization or person (other than the Plaintiffs) has asserted or threatened to assert any interest in this action by way of subrogation or lien.  If so, state the name and address of each such organization or person, and the nature and extent of their interest.

ANSWER:    No.

16.    Fully describe and identify by date, time, location and all witnesses thereto, any event, incident, accident or occurrence that caused the pain, inability to ambulate and/or numbness to which you refer in paragraph 6 of your Complaint.

ANSWER:    There was no obvious "incident" that caused the pain, etc., as indicated in Paragraph 6.

17.    State the names and addresses of all physicians, therapists, optometrists, psychiatrists, psychologists, and/or hospitals from whom you have received either consultation or treatment within the past fifteen (15) years, including in your answer the reason for each consultation or treatment and the date of said consultations or treatments.

ANSWER:    I have been seen by the following psychiatrists whose addresses and names I do not recall other than which are listed herein: a doctor at the County Mental Health in North County, San Diego, California; Dr. Gregory McFadden in La Jolla, California; Nicholas Frost, MD, offices with McFadden; Brad Nicheson, MD (sp?) at University of California at San Diego (UCSD); Deirdre Elliott, MD, La Jolla, California;

12/29/05  10:47  FAX 301 294 0737          GLEASON FLYNN & EMIG                          ☑009

Dr. McGuffin at Harborview Emergency Trauma Center in Seattle, Washington; I have also been seen by the following therapists: "Morgan", a masters level student, at the UCSD Psychiatry Training Program and "Jennifer", a Ph.D. candidate at the same location; I also saw "Miriam" and "Nancy", UCSD therapists on campus. There are more but I cannot recall their names. In 1990 I also saw a therapist through the Washington State Victims Witness Program.

18.    If you have ever been charged with any crime, have ever pleaded guilty to or have been convicted of any crime, other than minor traffic violations, state the nature of the crime, the date of the crime, the county or city (and state) in which the crime was committed, whether or not you were represented by counsel, and the case number or Court's docket reference to such crime.

ANSWER:    See Answer to No. 13.

19.    State whether you intend to rely upon or use, either in direct examination, cross examination, or otherwise, any medical articles, treatises, textbooks, or other publications. If so, state the title of each such publication, journal, or magazine, the name and address of the publisher, the date of the publication, the name of the author, and the volume, page, or section reference.

ANSWER:    Plaintiff has made no decisions as to these issues at this time. Plaintiff will supplement this answer, if appropriate.

20.    If you have arrived at any settlement or other agreement with any party, person or entity, who may be responsible for any of the injuries or damages you claim in this case, specify the date of the settlement or agreement, the amount of consideration paid for that settlement or agreement, the party with whom the settlement was reached and whether

the settlement or agreement was reduced to writing.

ANSWER:    No.

21.    If you contend that any portion of any medical record, chart or report prepared by this Defendant or this Defendant's agents, servants or employees is either inaccurate, false or has been altered, please specify which such record, chart or report you refer to and that part of it which you contend is inaccurate, false or has been altered.

ANSWER:    There is no record of my restraint and seclusion, and the prescriptions with which I was medicated are portrayed as "treatment" rather than restraints. There is no mention of the physical restraints used.

22.    Provide the amount of each element of economic loss, including past or future lost wages, past or future medical expenses, or any other past or future damage, cost, or charge that is being claimed as part of plaintiff's damages in this case.

ANSWER:    Plaintiff is seeking a nerve conduction test on her left leg.    Plaintiff will supplement this answer with out-of-pocket expenses that are attributable to the incident of August 1, 2004.

23.    Identify any medications or prescription drugs that you had taken within the 30 days preceding August 1, 2004 and specify any such medications or drugs that you had taken within the 24 hours prior to your arrival at George Washington University Hospital.

ANSWER:    Daily I took Effexor 525 mgs; Zoloft 175mgs; Wellbutrin 300 mgs; Gabitril 8 mgs; Zyprexa 5mgs; Marinol 20mgs; Cytomel 50mcgs; I also took Vicodan, Percocet and Dilaudid as needed for nerve pain; I was administered Morphine after surgery; within 24 hours of the August 1, 2004 incident I had taken my daily dosages listed herein, as well as Vicodan and Percocet as needed for nerve pain.

9

24.    Identify each statute, regulation or provision of the Constitution which you claim this defendant violated and/or which you rely for any or all of your claims in Count II of your Complaint.

ANSWER:    42 USC Sec. 290ii; Emergency Medical Treatment and Labor Act (EMTALA); the Americans With Disabilities Act; 42 CFR 482.13.

I declare under penalty of perjury that the foregoing Plaintiff's Answers to Interrogatories are true and correct to the best of my information, knowledge and belief.

JOAN G. ESNAYRA

DISTRICT OF COLUMBIA, ss

Subscribed to before me, a notary public, this /4ᵗʰ day of December, 2005.

My Commission Expires: 4/30/07

Respectfully submitted,

CLOWER & CLARKE

DATE: December 15, 2005          By: _____
                                      KAY M. CLARKE, #443477
                                      601 Pennsylvania Avenue, NW
                                      The Pennsylvania Suite 205
                                      Washington, D.C. 20004
                                      (202) 638-0086
                                      Counsel for Plaintiff

10

12/29/05  10:48 FAX 301 294 0737         GLEASON FLYNN & EMIG                        🖾012

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was mailed first class, postage prepaid,

this 15th day of December, 2005, addressed as follows:

Mr. Matthew P. Maloney, Esq.
Gleason, Flynn, Emig & Fogelman
11 North Washington Street
Suite 400
Rockville, MD   20850

Mr. Thomas V. Monahan, Jr., Esq.
Mr. Adam Kelley, Esq.
Goodell, DeVries, Leech & Dann
One South Street
20th Floor
Baltimore, MD   21202

KAY M. CLARKE

11