IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOAN ESNAYRA ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No.: 1 :05CVO1501 |
| ) | |
| GEORGE WASHINGTON UNIVERSITY ) | Judge : Colleen Kollar-Kotelly |
| HOSPITAL, et al. ) | Deck Type: Personal Injury/ |
| ) | Malpractice |
| Defendants | |

**DEFENDANT MEDICAL FACULTY ASSOCIATES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER REGARDING DISCOVERY OF THE RECORDS OF RICHARD DAVIS GREENBERG, M.D.**

Defendant Medical Faculty Associates, Inc., by its attorneys, James P. Gleason, Jr., Esq. and Gleason, Flynn, Emig & Fogleman, Chartered hereby opposes Plaintiff's Second Motion for Protective Order[1] which seeks to prevent defendant's discovery of records maintained by plaintiff's treating psychiatrist, Richard Davis Greenberg, M.D. and as grounds therefor states as follows:

**BACKGROUND**

On August 1, 2004, plaintiff came to the George Washington University Hospital (hereinafter "the Hospital") emergency room complaining of severe back and leg pain. The plaintiff had undergone two lumbar surgeries in April and June 2004; she reported that her August 1, 2004 pain was similar to what she had experienced before her June 2004 lumbar surgery. The plaintiff arrived in the ER at

---

[1] Plaintiff's Motion is a "Second" in that Plaintiff filed the identical Motion for Protective Order on November 1, 2005 in response to co-defendant George Washington University Hospital's subpoena to Dr. Greenberg.

approximately 6:00 a.m. and was discharged at approximately 10:00 a.m. During this four hour period, plaintiff's hospital chart indicates that she was seen by nurses and physicians and was given medication. By 7:00 a.m., the plaintiff reported "much improvement" with her back and left leg pain. By 7:40 a.m. her pain was down to 5 out of 10 from a recorded 10 out of 10 when she arrived. At approximately 10:00 a.m. the plaintiff was discharged with a prescription to obtain a lumbar MRI and follow-up with her neurosurgeon.

Plaintiff's Complaint alleges that during this four-hour period at the Hospital, she was (a) ignored, (b) abusively handled, (c) medicated without her permission, (d) falsely imprisoned and (e) chemically and physically restrained without her permission. Aside from the fact that the plaintiff was given medication – which successfully cut her pain level in half and enabled her to return home – plaintiff's August 1, 2004 Hospital chart contains no information to corroborate the claims she asserts against this defendant.

Prior to the August 1, 2004 encounter, the plaintiff had been diagnosed as suffering from manic depression, bi-polar disorder and Post Traumatic Stress Disorder. As the co-defendant points out in its Opposition, the plaintiff has publicly described her mental health history and its impact on her professional and personal life in at least articles published on the Internet. See George Washington University Hospital Opposition to Plaintiff's Motion for Protective Order at Exhibits 2-3. In these articles, plaintiff describes her psychiatric condition as at times affecting her ability to process information, causing her to act strangely and at times experience extreme paranoia. Id. at Exhibit 2.

Defendant proffers to the Court that each of plaintiff's pre August 1, 2004 hospitalizations, the only such for which this defendant has records, document bizarre and uncooperative behavior. Apparently the plaintiff makes no contention that she was treated abusively by medical providers during these pre August 1, 2004 hospitalizations. Based on the plaintiff's apparent pattern of stormy interactions with healthcare providers, discovery into her pre-existing psychiatric and physical conditions that may explain the events of August 1, 2004 is all the more imperative.

As part of preparing its defense to plaintiff's claims, this defendant has served a HIPPA Complaint Notice to the plaintiff and to plaintiff's treating psychiatrist, Dr. Richard Davis Greenberg, M.D. alerting them to the fact that this defendant seeks Dr. Greenberg's records. In response, plaintiff filed her Second Motion for Protective Order in which she asserts that her psychiatric records are irrelevant to this case and that their disclosure to defendant would cause her unnecessary embarrassment.

## ARGUMENT

**I.     Defendant Is Entitled To Review Plaintiff's Psychiatric Records Pursuant To HIPAA**

The Health Insurance Portability and Accountability Act ("HIP AA"), 45 C.F.R. § 164.512(e) et seq., provides that a patient's medical records, including psychiatric records, may be disclosed pursuant to subpoena "in the course of any judicial or administrative proceeding," id., as well as "in response to an Order of a Court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such Order." 45 C.F.R. § 164.512(e)(1)(i). In addition, 45 C.F.R. § 164.512(e)(1)(iv)(D) provides that a

covered entity may disclose protected health information in response to a subpoena, discovery request or other lawful process that is not accompanied by an Order of a Court if the parties seeking the protected health information have requested a Qualified Protective Order.

Defendant has complied with HIPAA in serving a subpoena on Dr. Greenberg.  Nevertheless, this defendant (as well as co-defendant) voluntarily agrees to adhere to a Qualified Protective Order entered pursuant to 45 C.F.R. § 164.512(e)(l)(v) in order to "(A) prohibit[] the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and (B) require[] the return to the covered entity or destruction of the protected health information, including all copies made, at the end of the litigation or proceeding." Id.  Defendant has no interest in making use of the plaintiff's psychiatric records for any purpose other than to defend against plaintiff's claims in this litigation and will readily agree to abide by any prohibition against redisclosure or retention of such records.

**II.     Plaintiff's has placed her psychiatric history at issue by filing this lawsuit.**

It is well settled under District of Columbia law that a patient who places her physical condition at issue by filing a lawsuit waives the privilege against disclosing relevant medical evidence.  Sklagen v. Greater Southeast Community Hospital, 625 F. Supp. 991, 992 (D.D.C. 1984); Street v. Hedgepath, 607 A.2d 12338, 1245 (D.C. 1992).

Plaintiff's psychiatric records are directly relevant to the issues in this case.

First, defendants need this discovery to determine whether the events described by the plaintiff in her Complaint occurred as she alleges. By her own admission, plaintiff has some history of misperceiving reality. See George Washington University Hospital's Opposition at Exhibits 2-3. Plaintiff's allegations regarding the August 1, 2004 admission are in stark contrast to the medical chart generated by that visit. This highlights the need to determine what the plaintiff told her treating psychiatrist about these events, what conclusions he drew, and what other instances of similar behavior the plaintiff has exhibited. If it was the hospital setting coupled with plaintiff's extreme physical pain that triggered plaintiff's reaction – and not any misconduct by the defendants – then the plaintiff's claim is meritless.

Second, taking plaintiff's allegations at face value, defendant's experts must be given access to plaintiff's psychiatric records to assess whether and to what degree plaintiff's interaction with health care providers was the product of her irrational reaction to her health care providers prompted by a "dissociative episode" brought on by her pain. There is ample evidence in plaintiff's prior medical records to suggest that the plaintiff not infrequently has hysterical episodes when interacting with health care providers. Defendants and their experts need access to Dr. Greenberg's notes to determine whether the events of August 1, 2004 fit the plaintiff's previous pattern of dissociative episodes.

Third, in her Answers to this Defendant's Interrogatories, at no. 6, plaintiff states as a damage recoverable in this case that in 2005 she became hysterical and could not stop crying while awaiting treatment at a local Emergency Room. See Exhibit 2. Defendant needs access to plaintiff's psychiatric records to determine

plaintiff's emotional state in 2005 and before and to evaluate the nature, extent and cause of the emotional damages for which the plaintiff seeks to hold defendants responsible here. Defendants should be afforded the opportunity to determine what other events or issues in plaintiff's life may explain or mitigate her claimed emotional damages.

Fourth, plaintiff contends that defendants improperly administered medications to her that were contraindicated due to medications she was taking for mental health reasons. Presumably, these medications were prescribed by her treating psychiatrist, Dr. Greenberg. Naturally, the defendant should be entitled to know what medications the plaintiff was taking, with what frequency and for what reasons in order to defend these claims.

In support of the above, the defendant incorporates herein the Affidavit of Dr. Mark Komrad attached to George Washington University Hospital's Opposition to Plaintiff's Motion for Protective Order at Exhibit 5.

        Respectfully submitted,

        Gleason, Flynn, Emig & Fogleman, Chtd.

_____
James P. Gleason, Jr.  #291005
Matthew P. Maloney  #434242
11 N. Washington St.
Suite 400
Rockville, Maryland 20850
**Counsel for Defendant Medical Faculty Associates, Inc.**

## POINTS AND AUTHORITIES

1. <u>Sklagen v. Greater Southeast Community Hospital</u>, 625 F. Supp. 991, 992 (D.D.C. 1984).

2. <u>Street v. Hedgepath</u>, 607 A.2d 12338, 1245 (D.C. 1992).

3. Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512(e) <u>et</u> <u>seq.</u>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___ day of January, 2006, a copy of the foregoing Defendant Medical Faculty Associates, Inc. Opposition to Plaintiff's Motion for Protective Order, with Exhibits, were filed electronically and sent to the following via first-class mail, postage prepaid:

Donald A. Clower, Esq.
Kay M. Clarke, Esq.
Clower & Clark
601 Pennsylvania Ave., NW
The Pennsylvania Suite 205
Washington, DC 20004

Thomas Monahan, Esq.
Adam Kelley, Esq.
Goodell, DeVries, Leech and Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202

_____
Matthew P. Maloney

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOAN ESNAYRA ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No.: 1:05CVO1501 |
| ) | |
| GEORGE WASHINGTON UNIVERSITY ) | Judge: Colleen Kollar-Kotelly |
| HOSPITAL, et al. ) | Deck Type: Personal Injury/ |
| ) | Malpractice |
| Defendants | |

## QUALIFIED PROTECTIVE ORDER

Upon consideration of Plaintiff's Motion for Protective Order, Defendant Medical Faculty Associates, Inc.'s Opposition thereto and any Response, the record herein and any oral argument, it is this _____ day of_____, 2006,

ORDERED, that Plaintiffs Motion for Protective Order is DENIED; and it is further

ORDERED, that within ten (10) days of the date of this Order, the complete file of Richard Davis Greenberg, M.D. for the plaintiff Joan Esnayra shall be produced to Defendant. Pursuant to 45 C.F.R. §§ 164.512(e)(1)(v)(A), (B), Defendant shall be prohibited from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested, and shall return to the covered entity or destroy the protected health information, including all copies made, at the end of the litigation or proceeding.

                                                                                                                           _____
Judge Colleen Kollar-Kotelly
The United States District
Court for the District of Columbia

Copies to:

Kay M. Clarke, Esquire
Clower & Clarke
601 Pennsylvania Avenue, NW
The Pennsylvania, Suite 205
Washington, D.C. 20004

James P. Gleason, Jr., Esquire
Gleason, Flynn, Emig & Fogelman
11 N. Washington Street, Suite 400
Rockville, Maryland 20850

Thomas V. Monahan, Jr., Esquire
Adam Kelley, Esquire
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202