IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOAN ESNAYRA ) | |
| ) | |
| v.  ) | Case No. 1:05CV01501 |
| ) | |
| ) | |
| GEORGE WASHINGTON UNIVERSITY ) | |
| HOSPITAL, ET AL. ) | |
| ) | |

**PLAINTIFF'S ANSWERS TO DEFENDANT MEDICAL FACULTY ASSOCIATES, INC.'S FIRST INTERROGATORIES**

1. Identify yourself fully, including your full name, date of birth, social security number, marital status, and your residence and business addresses for the last ten (10) years specifying the dates during which you were at each address. Identify anyone residing with you as of August 1, 2004 and describe his or her relationship to you.

    ANSWER: Joan G. Esnayra; June 5, 1964; single; 1911 Key Blvd. #568, Arlington, Virginia, for the past six years; prior to that I resided at 12534 Manifesto Place, San Diego, California, for one year; prior to that I resided in Del Mar, California for one year but cannot recall the address; prior to that I resided at 872 Agate, San Diego, California, for seven years. On August 1, 2004, I resided with Craig Love, my partner, with whom I continue to reside.

2. Describe your employment during the five (5) years preceeding August 2004, including the dates which you were employed by each employer, the position held by you, and your rate of pay and earnings from each such employer, indicating inclusive dates of time allegedly lost from employment or occupation as a result of the alleged malpractice.

    ANSWER: For the period of time inquired of, I was employed at the National

1

EXHIBIT 2

Academies, Washington, D.C., as a Program Officer until April 15, 2005. I am currently unemployed. I am making no claim for loss of income.

3. Identify the surgeon who performed the back surgery referenced at paragraph 13 of your Complaint and identify the date and facility where that surgery took place.

ANSWER: Plaintiff underwent lumbar surgeries in April and June 2004 by Dr. Richard S. Polin, MD., at that time part of the G.W.U. Medical Faculty Associates. The surgeries were performed at G.W.U.H.

4. Describe your activities from the time you awakened on August 1, 2004, until the time you arrived at George Washington University Hospital and describe how you traveled to the Hospital (e.g. ambulance, drove self, etc.).

ANSWER: I was awake the entire morning of August 1, 2004, until I was taken by ambulance to G.W.U.H. I was in extreme back pain. I did nothing other than to lie in my bed until I was taken by ambulance to G.W.U.H.

5. Identify by name, address, work and home phone numbers the "partner/health advocate" referenced in paragraph 14 of your Complaint.

ANSWER: Craig Love, same address as mine. Phone number: 401-954-5683.

6. Describe clearly and in detail each symptom, disability, or abnormal physical or mental condition which you claim to have been caused by the alleged negligence of any and all defendants, including in your answer the date or dates upon which each symptom, disability, or abnormal physical or mental condition first occurred and the duration of each such symptom, disability, or abnormal physical or mental condition.

ANSWER: Immediately after the incident, I was in extreme physical pain which

started at the small of my back, and which continued into my neck. My right shoulder and left elbow were sore. The degree of numbness I felt in my left leg had increased. Whereas before the incident my numbness started below the knee, it had now risen above it; the hamstring portion of my left thigh was numb. The numbness in my foot returned after the incident complained of, and it felt like a knife slicing the ball of my foot into two parts. Further, if I touched the top of my foot, it was painful as if my foot was severely burned. When I stood, I could not stand straight. The new pain in my foot was a significant contributor. Whether standing or walking, I was frequently in pain. I also sustained twenty-three bruises which have been photographed. One of these bruises persisted for two months. An MRI taken within a few days showed a large herniation at L5-S1 with direct pressure on the spinal cord. Sixteen months later, I still have numbness in my left foot to my buttock along the left calf and left thigh. Some of my toes are numb in the left foot, also. I did not have numbness in my left foot just prior to the incident but did after the incident. Recently, while awaiting treatment at a local Emergency Room, in November 2005, for a herniated disc in my cervical spine, I became hysterical and could not stop crying, because I was terrified to enter said emergency room.

    7.    Describe the nature and subject matter of each picture, diagram, document, x-ray, or other object (real evidence) which is known to you and which pertains to or is relevant to the alleged negligence and its alleged consequences. Name the present custodian of each and state the date each was produced or obtained.

    ANSWER:    My hospitalization records from G.W.U.H., which facility has custody of same; my treatment records with my neurosurgeon, Dr. Richard Polin, who has custody of same; medical records from Arlington Urgent Care (1311 South Fern Street,

Arlington, VA 22202) for my visit of August 4, 2004, and they presumably have custody of those records; and MRIs taken at G.W.U.H. before and after the incident. I have photographs of the bruises I sustained on August 1, 2004. There are also ambulance records for the August 1, 2004, trip from my home to G.W.U.H. and also medical records from Fairfax INOVA (3300 Gallows Road Falls Church, VA 22042) for the surgery occurring in late August 2004. The Emergency Room from which I fled in November 2005 on account of my fear of potential staff abuse was Virginia Hospital Center (1701 N. George Mason Dr. Arlington, VA 22205-3698).

8. Fully describe the condition from which you suffered for which you had a Service Animal as referenced in paragraph 14 of your Complaint.

ANSWER: Bipolar Disorder and Post Traumatic Stress Disorder.

9. State the names and addresses of all physicians or hospitals who have examined or treated you since the alleged malpractice here involved, and after each state the date of said examinations or treatments, and the nature and purpose therefore.

ANSWER: I have seen Dr. Richard Greenberg, my psychiatrist (2112 F Street NW Suite 604 Washington, DC; Arlington Urgent Care on August 4, 2004, identified in Answer to No. 7; Dr. Richard Polin; G.W.U. Medical Faculty Associates for neurosurgical followup appointments & INOVA Fairfax Hospital for surgery in August 2004; GWUH for the MRI taken after the incident complained of; Patricia Fisher, Ph.D., my psychologist, (1308 Pennsylvania Avenue, SE, Washington, D.C.); I have seen two chiropractors: Kristine Maggs at Arlington Neck and Back Center (6013-B Wilson Blvd Arlington, VA 22205) and Dr. Eric Meyer (1327 18th Street NW, Washington, D.C.); I have seen Dr.

Steven Macedo (1327 18th Street NW, Washington, D.C.), who referred me to Dr. Polin for surgery in 2004 and whom I have also seen after August 1, 2004. I was seen at Virginia Hospital Center Emergency Room in November 2005.

10. State the names and addresses of all persons from whom you have written, signed or recorded statements, attaching to your answer a copy of any such statement in your control.

ANSWER: Plaintiff assumes the statements requested herein are with regard to the incident of August 1, 2004, and, based upon that assumption, plaintiff has none.

11. If you contend that this Defendant or its employees or agents made any oral statements which constitute an admission with reference to any of the issues raised in this case, state the name or identity of the person making such statement, the content of such statement, the date, the time, the place of such statement, and the names and addresses of the individuals who were present at the time.

ANSWER: Not contended.

12. State the names and addresses of all expert witnesses whom you propose to call at trial, and state the subject matter on which each expert is expected to testify, state the substance of facts and opinions to which the expert is expected to testify, provide a summary of the grounds for each opinion.

ANSWER: Richard Greenberg, MD, who will testify based upon his education, experience and knowledge of the plaintiff that plaintiff did not suffer any dissociation or other psychiatric incident on August 1, 2004; Richard Polin, MD, whose current address is unknown but at the time of surgery he was part of G.W.U. Medical Faculty Associates, is anticipated to testify based upon his education, experience and knowledge of the plaintiff as

5

to plaintiff's injuries and/or exacerbation of pre-existing conditions which occurred as a result of the incident of August 1, 2005; Patricia Fisher, Ph.D, who will testify based upon her education, experience and knowledge of the plaintiff that plaintiff did not suffer any dissociation or other psychiatric incident on August 1, 2004, and also is anticipated to testify as to the impact of the incident upon the plaintiff.

13. If you have been plaintiff or defendant in any other civil or criminal matter, state the jurisdiction in which the case was filed, the case caption and number, the date it was filed, identity of all parties to the case, describe the allegations of the case and the outcome, or if it is still pending, please so state.

ANSWER: Plaintiff was involved in two matters as a party for which she has signed settlement agreements containing an agreement to keep the matter in complete confidence; therefore, divulging any information as to this matter would constitute a breach of the agreements. Plaintiff also filed a discrimination complaint in the Human Rights Office of Washington, D.C., against the National Academies within the past five years. In the mid-1990's, plaintiff filed complaints against the following entities for denying her access with her service dog and/or violation of civil rights and/or in tort because of her service dog: Southwest Airlines; San Diego, CA, Port Authority; San Diego Police Department; Milton's Deli, San Diego, California; Morro Bay Lodge, Morro Bay, California. Plaintiff filed a sexual harassment and retaliation complaint with the Department of Education Office of Civil Rights against the Salk Institute in 1993. This was followed by a civil tort. In 1990 plaintiff was charged with second degree assault and the verdict was 'not guilty' in Mason County, Washington State.

14. State the name and address of any person not otherwise mentioned in

answers to these Interrogatories who has personal knowledge of facts material to this case and for each summarize the facts known or believed to be known by him or her and provide his or her present or last known address.

    ANSWER:   None.

    15.   State whether any organization or person (other than the Plaintiffs) has asserted or threatened to assert any interest in this action by way of subrogation or lien. If so, state the name and address of each such organization or person, and the nature and extent of their interest.

    ANSWER:   No.

    16.   Fully describe and identify by date, time, location and all witnesses thereto, any event, incident, accident or occurrence that caused the pain, inability to ambulate and/or numbness to which you refer in paragraph 6 of your Complaint.

    ANSWER:   There was no obvious "incident" that caused the pain, etc., as indicated in Paragraph 6.

    17.   State the names and addresses of all physicians, therapists, optometrists, psychiatrists, psychologists, and/or hospitals from whom you have received either consultation or treatment within the past fifteen (15) years, including in your answer the reason for each consultation or treatment and the date of said consultations or treatments.

    ANSWER:   I have been seen by the following psychiatrists whose addresses and names I do not recall other than which are listed herein: a doctor at the County Mental Health in North County, San Diego, California; Dr. Gregory McFadden in La Jolla, California; Nicholas Frost, MD, offices with McFadden; Brad Nicheson, MD (sp?) at University of California at San Diego (UCSD); Deirdre Elliott, MD, La Jolla, California;

Dr. McGuffin at Harborview Emergency Trauma Center in Seattle, Washington; I have also been seen by the following therapists: "Morgan", a masters level student, at the UCSD Psychiatry Training Program and "Jennifer", a Ph.D. candidate at the same location; I also saw "Miriam" and "Nancy", UCSD therapists on campus. There are more but I cannot recall their names. In 1990 I also saw a therapist through the Washington State Victims Witness Program.

18. If you have ever been charged with any crime, have ever pleaded guilty to or have been convicted of any crime, other than minor traffic violations, state the nature of the crime, the date of the crime, the county or city (and state) in which the crime was committed, whether or not you were represented by counsel, and the case number or Court's docket reference to such crime.

ANSWER: See Answer to No. 13.

19. State whether you intend to rely upon or use, either in direct examination, cross examination, or otherwise, any medical articles, treatises, textbooks, or other publications. If so, state the title of each such publication, journal, or magazine, the name and address of the publisher, the date of the publication, the name of the author, and the volume, page, or section reference.

ANSWER: Plaintiff has made no decisions as to these issues at this time. Plaintiff will supplement this answer, if appropriate.

20. If you have arrived at any settlement or other agreement with any party, person or entity, who may be responsible for any of the injuries or damages you claim in this case, specify the date of the settlement or agreement, the amount of consideration paid for that settlement or agreement, the party with whom the settlement was reached and whether

the settlement or agreement was reduced to writing.

ANSWER:    No.

21.    If you contend that any portion of any medical record, chart or report prepared by this Defendant or this Defendant's agents, servants or employees is either inaccurate, false or has been altered, please specify which such record, chart or report you refer to and that part of it which you contend is inaccurate, false or has been altered.

ANSWER:    There is no record of my restraint and seclusion, and the prescriptions with which I was medicated are portrayed as "treatment" rather than restraints. There is no mention of the physical restraints used.

22.    Provide the amount of each element of economic loss, including past or future lost wages, past or future medical expenses, or any other past or future damage, cost, or charge that is being claimed as part of plaintiff's damages in this case.

ANSWER:    Plaintiff is seeking a nerve conduction test on her left leg.   Plaintiff will supplement this answer with out-of-pocket expenses that are attributable to the incident of August 1, 2004.

23.    Identify any medications or prescription drugs that you had taken within the 30 days preceding August 1, 2004 and specify any such medications or drugs that you had taken within the 24 hours prior to your arrival at George Washington University Hospital.

ANSWER:    Daily I took Effexor 525 mgs; Zoloft 175mgs; Wellbutrin 300 mgs; Gabitril 8 mgs; Zyprexa 5mgs; Marinol 20mgs; Cytomel 50mcgs; I also took Vicodan, Percocet and Dilaudid as needed for nerve pain; I was administered Morphine after surgery; within 24 hours of the August 1, 2004 incident I had taken my daily dosages listed herein, as well as Vicodan and Percocet as needed for nerve pain.

24. Identify each statute, regulation or provision of the Constitution which you claim this defendant violated and/or which you rely for any or all of your claims in Count II of your Complaint.

ANSWER: 42 USC Sec. 290ii; Emergency Medical Treatment and Labor Act (EMTALA); the Americans With Disabilities Act; 42 CFR 482.13.

I declare under penalty of perjury that the foregoing Plaintiff's Answers to Interrogatories are true and correct to the best of my information, knowledge and belief.

*Joan Esnayra*
JOAN G. ESNAYRA

DISTRICT OF COLUMBIA, ss

Subscribed to before me, a notary public, this 14th day of December, 2005.

My Commission Expires: 4/30/07

Respectfully submitted,

CLOWER & CLARKE

DATE: December 15, 2005    By: *Kay M. Clarke*
KAY M. CLARKE, #443477
601 Pennsylvania Avenue, NW
The Pennsylvania Suite 205
Washington, D.C. 20004
(202) 638-0086
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was mailed first class, postage prepaid, this 15th day of December, 2005, addressed as follows:

Mr. Matthew P. Maloney, Esq.
Gleason, Flynn, Emig & Fogelman
11 North Washington Street
Suite 400
Rockville, MD  20850

Mr. Thomas V. Monahan, Jr., Esq.
Mr. Adam Kelley, Esq.
Goodell, DeVries, Leech & Dann
One South Street
20th Floor
Baltimore, MD  21202

_____
KAY M. CLARKE