UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOAN ESNAYRA,<br><br>    Plaintiff,<br><br>  v.<br><br>GEORGE WASHINGTON UNIVERSITY HOSPITAL, *et al.*,<br><br>    Defendants. | Civil Action No. 05–1501 (CKK) |

ORDER
(January 23, 2006)

On August 24, 2005, Defendant Medical Faculty Associates, Inc., filed [9] Defendant Medical Faculty Associates, Inc's Motion for a More Definite Statement as to Count II of Plaintiff's Complaint in the instant case.  Defendant argues that Count II of Plaintiff's Complaint, which specifies that Plaintiff's civil rights have been violated, does not sufficiently delineate the statutory or constitutional basis under which Plaintiff brings her claim.  Plaintiff, Joan Esnayra, filed [10] Plaintiff's Response and Opposition to Defendant, Medical Faculty Associates, Motion for More Definite Statement, which states that Plaintiff "has placed the defendants on notice of the full scope of her claims" and "respectfully avers that the defendant's inquiries are more appropriately addressed through discovery and that an amended complaint should not be required."

The Court looks to Federal Rule of Civil Procedure 12(e) for guidance in evaluating Defendant's Motion.  Rule 12(e) states: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a

responsive pleading." Fed. R. Civ. P. 12(e). *See also Martin v. Malhoyt*, 830 F.2d 237, 261 n. 74 (D.C. Cir. 1987) ("The district court, we note, has ample authority, under Fed.R.Civ.P. 12(e), to require, on defendant's motion, a 'more definite statement' where 'vague or ambiguous' pleadings are submitted.").

In the instant case, Count II of Plaintiff's Complaint states that various actions by Defendants have violated Plaintiff's civil rights, listed as "including but not limited to, her right to freedom from imprisonment and freedom of association, and have further violated all applicable standards of care as to use of patient restraints," "including but not limited to, 42 U.S. Code Section 290ii," and "plaintiff's right to refuse treatment," in addition to simply averring that "plaintiff's civil rights were violated."

The Court finds that in not pointing to the statutory or constitutional basis for the alleged civil rights violations against Plaintiff (with the exception of 42 U.S.C. § 290ii), Count II of Plaintiff's Complaint is so vague and ambiguous that Defendants cannot reasonably be expected to understand the legal underpinnings of the claims therein. Plaintiff's reference to "civil rights violations" hints at the existence of further statutory or constitutional violations beyond the specifically referenced 42 U.S.C. § 290ii, such that Defendants should not be expected to guess as to her alluded legal claims in determining whether Defendants can appropriately file a responsive legal pleading.

Accordingly, it is this 23rd day of January, 2006, hereby

ORDERED that [9] Defendant Medical Faculty Associates, Inc's Motion for a More Definite Statement as to Count II of Plaintiff's Complaint is GRANTED; it is also

ORDERED that Plaintiff shall file a More Definite Statement of Count II of the Complaint by January 31, 2006, specifying the specific legal basis (statutory or otherwise) under which Defendants have allegedly violated Plaintiff's civil rights.

                                                                         /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge