IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOAN ESNAYRA | * | |
| Plaintiff | * | |
| vs. | * | Case No.: 1:05CV01501 |
| GEORGE WASHINGTON UNIVERSITY HOSPITAL, *et al.* | * | Judge: Colleen Kollar-Kotelly<br>Deck Type: Personal Injury/ Malpractice |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DISTRICT HOSPITAL PARTNERS, L.P.'S RULE 26(a)(2) DISCLOSURE OF <u>EXPERT OPINION REGARDING J. ANDREW SUMNER, M.D.</u>**

J. Andrew Sumner, M.D.
9708 Kenmore Drive
Kensington, Maryland 20895

## QUALIFICATIONS

I am an expert in the field of emergency medicine. I currently am employed as the Chairman of the Department of Emergency Medicine at Sibley Memorial Hospital in Washington, D.C. I am board certified in the medical specialty of emergency medicine. I have attached to this Disclosure Statement a copy of my Curriculum Vitae identifying in greater detail my areas of expertise, experience and qualifications.

## DOCUMENTS REVIEWED

I have reviewed Joan Esnayra's pertinent medical and psychiatric records, her therapy records, her employment records, the pertinent pleadings and discovery materials filed in this case, and various materials relating to Joan Esnayra that are available on the internet. I intend to review the written transcripts and videotaped recordings from all depositions taken in this case in the future.

## EXHIBITS

I may refer to specific medical and/or psychiatric records, therapy records, diagnostic films, pathology slides, medical literature, medical illustrations, employment records, internet publications, deposition transcripts, videotaped depositions, or other items to support or explain

my opinions. I may also write or draw on an art pad to support, illustrate or explain my opinions.

## OPINIONS

I reserve the right to supplement my opinions once I have had the opportunity to review the depositions of the parties and the fact and expert witnesses in this case, as well as any other medical records or other review materials that may be produced in the future. I base the following opinions on my review of the medical and other records that have been provided to me for review. It is my understanding that no depositions have been taken as of the date of this report. All of my opinions are expressed to a reasonable degree of medical probability.

It is my opinion that the doctors, nurses and other staff at George Washington University Hospital fully complied with the applicable standards of care when Joan Esnayra presented to the emergency room on August 1, 2004. The treatment rendered to her was entirely appropriate and therapeutically effective. In addition, it is my opinion that nothing that happened or did not happen during Joan Esnayra's visit to the emergency room on August 1, 2004 caused any temporary or permanent physical or psychological injury to her.

It is clear from the medical records that Ms. Esnayra presented to the emergency room in extreme physical pain. Under those circumstances, she was unable to sign the consent forms that were presented to her. It was appropriate to treat her in spite of her claimed inability to sign the consent forms. All of the medications that were given to Ms. Esnayra during her visit to the emergency room were appropriate for patients complaining of back pain, were not contraindicated in Ms. Esnayra's case, and were neither the type of medications nor of the requisite dosage to constitute a form of chemical restraint. These medications were taken by Ms. Esnayra during previous hospitalizations without complaint.

It is clear from the medical records that Ms. Esnayra was neither abandoned nor abused during her visit to the emergency room, nor was her treatment in any way delayed. The medical records document that Ms. Esnayra was seen by multiple nurses and physicians during her brief visit, including a specialist in neurosurgery. There is absolutely nothing in the records that supports Ms. Esnayra's allegations of abuse. There is nothing to support her allegations of physical restraint.

With respect to Ms. Esnayra's claims that her civil rights (under the Americans with Disabilities Act) were violated by the Defendants' alleged refusal to allow her "service animal" to accompany her into the emergency room, I find no basis whatsoever for this allegation in the medical records.

Regardless, it is my opinion that so-called psychiatric service dogs are not recognized in the medical community at large to be of any therapeutic value. Moreover, psychiatric service dogs would constitute an exception to the Americans with Disabilities Act in this case, as the presence of a dog in the emergency room would be extremely disruptive to the emergency room as a whole and would compromise the staff's ability to render effective treatment to the patients. Emergency rooms generally are crowded areas comprising infants, toddlers, the

Act in this case, as the presence of a dog in the emergency room would be extremely disruptive to the emergency room as a whole and would compromise the staff's ability to render effective treatment to the patients. Emergency rooms generally are crowded areas comprising infants, toddlers, the elderly, and patients with open wounds, psychiatric issues, and cardiac problems. These patients are ambulatory, on stretchers, on crutches and canes, and in wheelchairs. They are often attached to IVs and are connected to various machines by tubes and wires. Having a dog in the emergency room, whether on or off a leash, would compromise the hygiene and order of the emergency room and would quite likely cause anxiety to many patients and compromise their safety, particularly when the dog is a very large Rhodesian Ridgeback, as Ms. Esnayra's dog was, and is uncontrollable and aggressive, as is clear from Ms. Esnayra's employment records.

### BASIS AND REASONS FOR OPINIONS

I base my opinions on my review of Ms. Esnayra's medical and psychiatric records, her therapy records, her employment records, the pertinent pleadings and discovery materials filed in this case, and various materials relating to Joan Esnayra that are available on the internet. I also base my opinions on my education, training, and experience in this area, as reflected in my Curriculum Vitae attached hereto. I also intend to review depositions related to this case as they become available and may base my opinions on portions of those depositions.

### PUBLICATIONS AUTHORED IN THE PRECEDING TEN YEARS

Any responsive publications would be listed in my Curriculum Vitae, attached hereto.

### COMPENSATION RATES

My fee for consultation is $300.00 per hour. My fee for deposition testimony is $400.00 per hour. My fee for Court appearance is $2,500 per day plus travel expenses.

### CASES IN WHICH I HAVE GIVEN EXPERT TESTIMONY IN THE PRECEDING FOUR YEARS

See attached spreadsheet.

_____
J. Andrew Sumner, M.D.

4/27/06
_____
Date

755383

        Respectfully submitted,

        _____
        Thomas V. Monahan, Jr. (Fed. Bar #04471)
        Adam Kelley (Fed. Bar #483729)
        Goodell, DeVries, Leech & Dann, LLP
        One South Street, 20th Floor
        Baltimore, Maryland  21202
        (410) 783-4000
        *Attorneys for District Hospital Partners, L.P.*
        *d/b/a George Washington University Hospital*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of April 2006, copies of District Hospital Partners, L.P.'s Rule 26(a)(2) Disclosure of Expert Opinion Regarding J. Andrew Sumner, M.D., with Attachments, were sent to the following via first-class mail, postage prepaid:

Kay M. Clarke, Esquire
Clower & Clarke
601 Pennsylvania Avenue NW
The Pennsylvania, Suite 205
Washington, D.C.  20004

Matthew P. Maloney, Esquire
Gleason, Flynn, Emig & Fogelman
11 N. Washington Street, Suite 400
Rockville, Maryland 20850

        _____
        Adam Kelley

755383

## CASES IN WHICH I HAVE GIVEN EXPERT TESTIMONY IN THE PRECEDING FOUR YEARS

| Name of Case | Lawyer or Firm | Defense/Plaintiff | Jurisdiction |
|---|---|---|---|
| Smith v. Central Vermont Hospital, et al | Biggam, Fox & Skinner | Plaintiff | Vermont |
| Blanchard v. Jefferson Hospital, et al | Coppedge & Leman | Plaintiff | Georgia |
| Gordon v. St. Francis Hospital, et al | Morris, James, Hitchens & Williams, LLP | Defense | Delaware |
| Young v. Tiongson, et al | Whiteford, Taylor & Preston, LLP | Defense | Maryland |
| Grace Rego | Kolsby, Gordon, Robin, Shore & Bezar | Plaintiff | Pennsylvania |
| Merritt v. Quinn, et al | Cook, Noell, Tolley, Bates & Michael, LLP | Plaintiff | Georgia |
| Wharton, et al v. North Arundel Hospital, et al | Morgan Shelsby Carlo Downs & Everton | Defense | Maryland |
| Anderson v. EMA, et al | Shaw & Morrow, PA | Defense | Maryland |
| Nancy Porter v. DFES, et al | Prickett, Jones & Elliott, P.A. | Defense | Delaware |
| Matuschkewicz v. DFES, et al | Prickett, Jones & Elliott, P.A. | Defense | Delaware |
| Klaas v. Sutherland, et al | Prickett, Jones & Elliott, P.A. | Defense | Delaware |
| Janethea Davis v. DFES, et al | Prickett, Jones & Elliott, P.A. | Defense | Delaware |
| Klaas v. SEA | Prickett, Jones & Elliott, P.A. | Defense | Delaware |
| Quesenberry v. Beebe Medical Center, et al | Elzufon, Austin, Reardon, Tarlov & Mondell, P.A. | Defense | Delaware |
| Vandiver v. Finch | Owen & Galloway | Plaintiff | Mississippi |
| Jimenes v. Gogineni | Hamilton Altman Canale & Dillon, LLC | Defense | Virginia |
| Joseph Canazzi | Messa & Associates, P.C. | Plaintiff | Pennsylvania |
| Schmidt v. Holy Cross | DeCaro, Doran, Siciliano, Gallagher & DeBlasis, LL | Defense | Maryland |
| Strong v. Brooks, et al | Cook, Noell, Tolley, Bates & Michael, LLP | Plaintiff | Georgia |
| Smith v Leffer | Shaw & Morrow, PA | Defense | Maryland |
| Hamilton v McNeill | Cash, Krugler & Fredericks, LLC | Plaintiff | Georgia |
| Marlette v Dyer | Hamilton Altman Canale & Dillon, LLC | Defense | Virginia |
| Marlette v Dennis | Pledger & Associates, P.L.C. | Defense | Virginia |
| Jones v. Tang, et al | Whiteford, Taylor & Preston | Defense | Maryland |
| Portnoy v. Austin | Hamilton Altman Canale & Dillon, LLC | Defense | Virginia |

James Andrew Sumner, MD
9708 Kenmore Drive, Kensington, MD 20895

| Time Frame | Activity |
|---|---|
| September, 2002 | deposition |
| December, 2000 | deposition |
| October, 2002 | deposition |
| October, 2002 | deposition |
| December, 2002 | report |
| December, 2002 | deposition |
| January, 2003 | deposition |
| January, 2003 | deposition |
| December, 2003 | deposition |
| December, 2003 | deposition |
| February, 2004 | deposition |
| February, 2004 | deposition |
| May, 2004 | trial |
| June and August, 2004 | deposition and trial |
| July, 2004 | deposition |
| August and October, 2004 | deposition and trial |
| September, 2004 | report |
| February, 2005 | deposition |
| September, 2005 | deposition |
| October, 2005 | deposition |
| October, 2005 & Feb 2006 | deposition and trial |
| November, 2005 | deposition |
| December, 2005 | trial |
| December, 2005 | deposition |
| April, 2006 | deposition |

# CURRICULUM VITAE
# OF
# JAMES ANDREW SUMNER, M.D.

**ADDRESS:** 9708 Kenmore Drive
Kensington, Maryland 20895-3231
jasumner@comcast.net

**TELEPHONE:** (301) 933-5425     (301) 933-4299 (Fax)

**UNDERGRADUATE EDUCATION:**
Georgia Institute of Technology, Atlanta, Georgia.
Bachelor of Electrical Engineering, Cooperative Plan,
Awarded with highest honors in 1969.

**POSTGRADUATE EDUCATION:**
Tufts University, Medford, Massachusetts.
USPHS Fellowship in Environmental Health, 1971-72.

**MEDICAL EDUCATION:**
Tulane University School of Medicine, New Orleans, Louisiana.
Doctor of Medicine, 1976. Elected to Alpha Omega Alpha, 1975.

Bethesda Naval Hospital, Bethesda, Maryland.
Categorical Surgery Internship, 1976-77.

Georgetown University Hospital, Washington, D.C.
Emergency Medicine Residency, 1979-81.
Chief Resident, 1980-81.

**ACADEMIC APPOINTMENTS:**
The Johns Hopkins University, School of Medicine
Assistant Professor, Emergency Medicine.
July 1, 1985 to June 30, 2003.

Joint Appointment, Health Policy and Management
The Johns Hopkins School of Hygiene and Public Health.
July 1, 1985 to June 30, 1988.

**BOARD CERTIFICATION:**
American Board of Emergency Medicine
Certified on December 16, 1983; Recertified in 1993 and 2003

Advanced Cardiac Life Support
American Heart Association; Instructor, 1978-1988;
ACLS Provider, current.

Instructor, Advanced Trauma Life Support
American College of Surgeons, 1981-1999.

Provider, Pediatric Advanced Life Support
American Academy of Pediatrics, 1987-2003.

**MEDICAL LICENSURE:**     Maryland (#D25753), District of Columbia (#MD32812)

**EMPLOYMENT HISTORY:**

    Sibley Memorial Hospital, Washington, D.C.
        Chairman, Department of Emergency Medicine, July 2001 to present.

    Good Samaritan Hospital, Baltimore, Maryland.
        Chairman, Department of Emergency Medicine, Jan 1995 to June 2001.

    Office of the Secretary, U.S. Dept. of Health and Human Services, Washington, D.C.
        Policy Analyst in Public Health Policy, July 1987 to December 1994.
        Part-Time Position, Intergovernmental Personnel Act (IPA) contract

    Johns Hopkins Hospital, Baltimore, Maryland.
        Attending Physician, Emergency Department, July 1985 to September 2002.
        Clinical Director, Emergency Department, August 1986 - July 1987.

    Franklin Square Hospital, Baltimore, Maryland.
        Assistant Director, Department of Emergency Medicine, 1981 to 1985.

    Georgetown University Hospital, Washington, D.C.
        Emergency Medicine Resident, 1979 to 1981.
        Chief Resident, 1980 to 1981.

    Naval Regional Medical Center, Camp Pendleton, California
        Staff Emergency Physician, 1977 to 1979.

    Hewlett Packard, Medical Electronics Division, Waltham, Massachusetts.
        Product Support Engineer, 1969 to 1971.

**PROFESSIONAL AFFILIATIONS:**

    Maryland State Emergency Medical Services Board
        Appointed as a member by Governor Parris Glendening, 2001-2005.
        Statewide Emergency Medical Services Advisory Committee, 1993-2002.
        EMS Protocol Review Committee, 1999-present.

    Governor's Commission on Emergency Medical Services, 1992-1993.

    Maryland State Board of Physician Quality Assurance
        Appointed as a member by Governor William Donald Schaefer, 1988-1996.
        Chairman, Emergency Medical Services Advisory Committee, 1988-1998.
        Chairman, Case Resolution Conference
        Liaison to Maryland State Emergency Medical Services Board, 1993-2001.

    The American College of Emergency Physicians
        President, Maryland Chapter, 1984-1988.
        Councilor, National ACEP Council, 1985-1991, 1995-2003.
        Alternate Councilor, National ACEP Council, 2004-present.

    Trailblazer Health Enterprises, LLC
        Emergency Medicine Representative to Medicare Carrier Advisory Committee
        DC Metropolitan Area, 2004 to present.

Updated in April 2006